IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **MARK ROHR,** §<br>*Plaintiff*, §<br> §<br> § **CIVIL ACTION NO. 3:17-cv-229**<br>**v.** §<br> §<br> §<br>**CITY OF LEAGUE CITY AND** §<br>**PAT HALLISEY,**<br>**INDIVIDUALLY AND IN HIS**<br>**OFFICIAL CAPACITY.**<br>*Defendant*. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES**, MARK ROHR, hereinafter referred to as Plaintiff, complaining of and about CITY OF LEAGUE CITY and PAT HALLISEY, individually and in his official capacity, hereinafter referred to as Defendants, and for cause of action will show unto the Court as follows:

## I.
## NATURE OF THE CLAIMS

1.   This is an action brought pursuant to 42 U.S.C. § 1983., to correct and recover for Defendants' unlawful employment practices on the basis of Plaintiff's protected speech as well as Defendants' retaliation against Plaintiff's protected complaints.

## II.
## JURISDICTION AND VENUE

2.   This Court has jurisdiction of this action, as this case arises under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 ("Section 1983"), and damages are within the jurisdiction of this

court and will continue to increase as this case proceeds to trial. Moreover, venue is proper in the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b) because Defendant and the Plaintiff transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district.

## III.
## THE PARTIES

3. Plaintiff, MARK ROHR, is a citizen of the United States and the State of Texas and resides in League City, Galveston County, Texas.

4. Defendant, CITY OF LEAGUE CITY, is a municipality of the State of Texas that regularly conducts business in League City, Galveston County, Texas. Defendant may be served with process by serving John Baumgartner, City Manager, at 300 W. Walker, League City, Texas 77573.

5. Defendant, Pat Hallisey, is named individually and in his official capacity as Mayor of League City. He may be served with process at 300 W. Walker, League City, Texas 77573.

## IV.
## FACTS

6. League City hired Mr. Rohr as the City Manager of League City about March 31, 2014.  Mr. Rohr brought a wealth of experience to the position and was named Governing Magazine's Public Official of the Year in 2012.  During his tenure as City Manager Mr. Rohr was an active member of the City Manger run-government.  His exceptional performance is demonstrated by his first and second Performance Evaluation. On or about April 2015, Mr. Rohr received his first annual review score of 4.915 out of 5, a nearly perfect score.  The following statements were included on his annual review: "Mr. Rohr is the single most valuable person

employed by League City. I can't say enough positive things about him," and "[c]ontinue fantastic communication with staff, council and citizens"

7. About the time Mr. Rohr received his second Performance Evaluation in March 2016 Pat Hallisey defeated Jeannie Kranz in a tight race to become the new Mayor of League City. Significantly, Pat Hallisey won the election with 51% of the vote in a campaign where he positioned himself as a firm opponent of the City Council. Mayoral Candidate Jeannie Kranz candidly remarked that she was not sure if the new Mayor could work with the current council members. After running a campaign that put him in direct conflict with the City Council members it is no surprise at the amount of controversy that followed Pat Hallisey.

8. In August of 2016, an ethics complaint was filed against the Mayor by City Attorney Nghiem Doan on behalf of the rest of the Council. The complaint included alleged sexual harassment and violations of the Governance Policy and Rules of Procedure. Outside Counsel was retained by the Ethics Community to investigate the allegations. As a result of the investigation, Outside Counsel issued the following findings in an Investigative Report: "Mayor…has…tendency to lose his temper…he may say things or use a voice tone that is unpleasant." "…the Mayor doesn't understand when he gives a director a directive, why they do not comply with his request." "Hallisey pressures her [the City Secretary] to do things contrary to the Council's adopted Governance Policy and Rules of Procedure…" The Investigative Report further notes that Mayor Hallisey is quoted as saying, "I don't pay attention to that [the Governance Policy]." "He [Hallisey] wants City directors to do things for the good of the City, yet he doesn't always go through the City Manager as required." As a result of recommendations in the Investigative Report, it was suggested that Mayor Hallisey under go anger management and government training.

9. On August 20, 2016 and September 15, 2016 Mr. Rohr filed two formal ethics complaints against Mayor Hallisey. Mr. Rohr's complaints listed the multiple violations of the City Charter and Rules and Regulations. Specifically, the complaints alleged violations of the Governance Policy and City Charter including the following: Article III, Section 3A – "Strict Confidentiality"; Article III, Section 3C – "Strict Confidentiality"; Article II, Section 20 – "Form of Government"; Article Section 21, Subsection C8 – "Powers and Duties of City Manager"; Article IV, Section 2 – "Interference with staff prohibited"; Article IV, Section 3 – "Procedures for contact with Staff."

10. Despite the significance of Mr. Rohr's allegations against Mayor Hallisey, in October 2016 the City Council declined to take any action. Immediately after the Council announced its decision, Mayor Hallisey remarked that Mr. Rohr was "not good for the city" and would "not be there much longer."

11. Less than a month after the investigation into the Mayor's ethical conduct, an article was published in The Daily News titled "Mayor Wants Manager, Attorney Fired." The article examined the Mayor's efforts to retaliate against the City Attorney and Manager, including his decision to add their terminations to the City Council's formal agenda. In the same article, Mayor Hallisey is quoted stating that he has "lost confidence in Rohr and Doan" pointing out that the two have worked against him.

12. Unfortunately, Mayor Hallisey's efforts to oust the City Manager and the City Attorney were rewarded by the City Council. On December 13, 2016 Mr. Rohr was terminated by a 5-3 vote and City Attorney Nghiem Doan barely retained his position by a 4-4 vote. This indicates that the two individuals who dared to report and investigate Mayor Hallisey were targeted for termination based on a Council recommendation strongly pushed and advocated by

Mayor Hallisey.

13.  The Mayor removed all doubt about his vindictive, retaliatory animus in a text message to Council Member Keith Gross. In direct reference to the Council's Ethics Complaint against the Mayor, Hallisey crowed "Big mistake, you will never recover from this…"  He further stated "When that Agenda went out today you can never come back and undo it I'm sorry I liked your family but your foolishness is embarrassing…"

14.  Mr. Rohr's last day as City Manager of League City was December 13, 2016.

## V.
## CAUSE OF ACTION: FIRST AMENDMENT RETALIATION

15.  Plaintiff hereby incorporates by reference the allegations contained in the above-identified paragraphs, as though fully stated herein.

16.  Plaintiff suffered retaliation due to speech protected by the First Amendment. Specifically, Plaintiff contends that: 1) He engaged in speech involving a matter of public concern by filing two ethics complaints against Mayor Hallisey detailing multiple violations of the City Charter and Governance Policy. These complaints were protected under the First Amendment because the City Charter and Governance Policy directly deal with matters of public concern; (2) He suffered an adverse employment action when he was terminated from his position of City Manager on December 13, 2016, less than three (3) months after he filed his formal ethics complaint; and (4) His exercise of free speech was a substantial or motivating factor in his termination.

17.  Defendants violated 42 U.S.C. § 1983 by depriving Plaintiff of his right to free speech as guaranteed by the First Amendment to the United States Constitution.

18.  At the time the adverse employment actions occurred, Defendants' violations of Plaintiff's constitutional rights were objectively unreasonable. Defendants displayed reckless and

callous indifference to Plaintiff's Constitutional Rights by terminating Plaintiff after he filed ethics complaints against the Mayor. Moreover, Defendant acted intentionally to chill Plaintiff's speech, discredit him by damaging his reputation and punish him for exercising his rights under the First Amendment.

19. Defendant's action caused damages including the loss of Plaintiff's salary and benefits.

## VI.
## DAMAGES

20. Plaintiff seeks the following damages as a result of the actions and/or omissions of Defendants described above:

    a. Back pay from the date of her termination to present;

    b. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    c. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Pre- and post-judgment interest;

    g. Mental anguish in the past;

    h. Mental anguish in the future; and

    i. Medical and other benefit expenses incurred due to the loss of benefits.

## VII.
## JURY DEMAND

21.   Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MARK ROHR, respectfully prays that Defendants, CITY OF LEAGUE CITY and PAT HALLISEY be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



_____
Alfonso Kennard, Jr., Attorney-In-Charge
SD ID.: 713316
Texas Bar No.: 24036888
Ronald Dupree
SD ID.: 1046738
Texas Bar No. 24055433
2603 Augusta Drive, 14th Floor
Houston, Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**
**MARK ROHR**